IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:25-CV-71-BO-KS

| | |
|---|---|
| YAMIN MOUSSELLI, )<br>)<br>    Plaintiff, )<br>)<br>    v. )<br>)<br>EQUIFAX INFORMATION SERVICES )<br>LLC, )<br>)<br>    Defendant. ) | **ORDER** |

This matter is before the court on Defendant's motion to disqualify Plaintiff's attorney Duran Keller [DE #33]. The parties have fully briefed the issue, and the matter is ripe for ruling. For the reasons set forth below, the court denies Defendant's motion.

## BACKGROUND

Plaintiff, represented by North Carolina attorney Rashad Blossom, filed suit against Defendant, Equifax Information Services LLC ("Equifax"), in Wake County Superior Court on November 21, 2024. (Compl. [DE #1-3] at 5–33.) Following Defendant's removal of the action to this court (*see* Notice Removal [DE #1]), Duran Keller filed a notice of special appearance as counsel for Plaintiff, with Blossom acting as local counsel pursuant to this court's Local Civil Rule 83.1(d) (Notice Special Appearance [DE #29]). Equifax has moved to disqualify Keller from representing Plaintiff, contending that Keller, an attorney licensed in the State of Indiana, is

engaged in the unauthorized practice of law in North Carolina. (Def.'s Mot. Disqualify [DE #33].) Plaintiff opposes the motion. (Pl.'s Resp. Mot. Disqualify [DE #38].)

## DISCUSSION

Whether counsel should be disqualified from representing a party is a matter that ultimately rests within the court's discretion. *Hepburn v. Workplace Benefits, LLC,* No. 5:13-CV-441-BO, 2014 WL 1513157, at *2 (E.D.N.C. Apr. 16, 2014) (citing *United States v. Williams*, 81 F.3d 1321, 1324 (4th Cir. 1996)). While "a proper application of applicable ethical principles" is necessary to the court's determination, the "drastic nature of disqualification requires that courts avoid overly-mechanical adherence to disciplinary canons at the expense of litigants' rights freely to choose their counsel," especially given the "possibility of misuse of disqualification motions for strategic reasons." *Shaffer v. Farm Fresh, Inc.*, 966 F.2d 142, 145–46 (4th Cir. 1992). In deciding a motion to disqualify counsel, a court should consider the party's right to counsel of choice, the potential hardship that disqualification may cause, and the risk that counsel's continued representation would erode the public's trust in the judicial system. *Hepburn*, 2014 WL 1513157, at *2. A party seeking disqualification of counsel bears a heavy burden of proof and may not rely on mere speculation for its contentions. *Shaffer*, 966 F.2d at 145; *Yelverton v. Yelverton Farms, Ltd.*, No. 5:14-CV-365-FL, 2014 WL 6472863, at *2 (E.D.N.C. Nov. 18, 2014).

Federal law governs the admission and practice of attorneys before federal courts. *In re Snyder,* 472 U.S. 634, 645 n.6 (1985). As authorized by 28 U.S.C. §§ 1654 and 2071 and Rule 83 of the Federal Rules of Civil Procedure, this court has adopted

2

local rules governing the practice of attorneys before it. Relevant here, Local Civil Rule 83.1 provides as follows:

> Attorneys who are members in good standing of the bar of a United States Court and the bar of the highest court of any state or the District of Columbia may practice in this court for a particular case in association with a member of the bar of this court. . . .
>
> . . . .
>
> . . . . Unless otherwise ordered for good cause shown, no attorney may be admitted pursuant to Local Civil Rule 83.1 in more than three unrelated cases in any twelve-month period, nor may any attorney be admitted pursuant to Local Civil Rule 83.1 in more than three active unrelated cases at any one time.

Local Civil Rule 83.1(e) (E.D.N.C. May 2023).

Plaintiff has demonstrated Keller's compliance with Local Civil Rule 83.1(e). Keller is a licensed attorney in good standing in the states of Indiana, New Jersey, New York, and Wisconsin. (Decl. Duran Keller [DE #38-1] ¶ 1.) He is also a member in good standing of the bar of various United States courts. (*Id.*) He entered a special appearance in this case pursuant to Local Civil Rule 83.1(e) in association with a member of the bar of this court, Rashad Blossom. (Notice Special Appearance.) Additionally, Keller has not entered a special appearance in any other cases pending before this court.

As an attorney authorized to appear pursuant to Local Civil Rule 83.1(e), Keller's conduct is subject to this court's local rules, as well as North Carolina's Revised Rules of Professional Conduct, which this court has adopted as this court's ethical standard. *See* Local Civ. R. 83.1(i) (E.D.N.C. May 2023) ("The ethical standard

3

governing the practice of law in this court is the Revised Rules of Professional Conduct, now in force and as hereafter modified by the Supreme Court of North Carolina, except as may be otherwise provided by specific rule of this court."). Keller's appearance as counsel for Plaintiff in the instant action does not constitute the unauthorized practice of law as both this court's local rules and North Carolina's Revised Rules of Professional Conduct explicitly permit his representation of Plaintiff. *See* Local Civil Rule 83.1(e) (E.D.N.C. May 2023); N.C. Rev. R. Prof. Conduct 5.5(c)(1) (permitting lawyer "to appear before a tribunal . . . in this jurisdiction" where "authorized by law or order"), (d)(2) (allowing lawyer to "provid[e] services that the lawyer is authorized by federal . . . law or rule to provide in this jurisdiction").

Notwithstanding Keller's compliance with Local Civil Rule 83.1(e), Defendant contends Keller has engaged in the unauthorized practice of law in violation of North Carolina's Rules of Professional Conduct. Specifically, Defendant accuses Keller of having opened a law practice in Cary, North Carolina, and having advertised his practice through the Cary Chamber of Commerce. Defendant argues Keller has thereby "established a systematic and continuous presence in North Carolina for the practice of law, without registering his interstate law practice with the North Carolina State Bar." (Def.'s Reply Supp. Mot. Disqualify [DE #41] at 3.)

Generally, attorneys not licensed in North Carolina may not establish an office or other systematic and continuous presence within the state for the practice of law. N.C. Rev. R. Prof. Conduct 5.5(b)(1). However, the North Carolina Revised Rules of

Professional Conduct provide a number of exceptions to that general principle. N.C. Rev. R. Prof. Conduct 5.5 cmt. 2. Pertinent here, Rule 5.5(d) provides:

> A lawyer admitted to practice in another United States jurisdiction . . . and not disbarred or suspended from practice in any jurisdiction . . . does not engage in the unauthorized practice of law in this jurisdiction and may establish an office or other systematic and continuous presence in this jurisdiction for the practice of law if the lawyer's conduct is in accordance with these Rules and:
>
> . . . .
>
> . . . the lawyer is providing services that the lawyer is authorized by federal or other law or rule to provide in this jurisdiction.

N.C. Rev. R. Prof. Conduct 5.5(d).

Defendant has failed to show that Keller's disqualification is warranted. Though Keller now resides in North Carolina, there is no evidence before the court that he has opened a legal office in North Carolina, much less that he has opened an office for the purpose of providing legal services other than in connection with his representation of Plaintiff in this action as permitted by Rule 5.5(d). Nor is there evidence that Keller has held himself out as an attorney licensed to practice in North Carolina, solicited clients in North Carolina, or provided any legal services in violation of North Carolina's Rules of Professional Conduct. Though Keller applied for membership with the Cary Chamber of Commerce and was listed in the Chamber's business directory, Defendant's suggestion that Keller joined the local Chamber of Commerce for the purpose of advertising his law firm's services is pure speculation. Keller maintains he told the Chamber he was not licensed to practice law in North Carolina and provided the Chamber with his employer, personal

5

telephone number, and residence address. (Decl. Duran Keller ¶ 5.) He states he was not aware the information would be included in any online directory (*id.* ¶ 6) and that he has not met with any client or potential client at his residence nor received any calls on his personal phone from any North Carolina individual seeking representation through the Chamber listing (Suppl. Decl. Duran Keller [DE #42-2] ¶ 4). He further avers that he had the listing removed when he became aware of it by Defendant's motion. (Decl. Duran Keller ¶ 7; Suppl. Decl. Duran Keller ¶ 5.)

Defendant has not met its burden to show that Keller has engaged in the unauthorized practice of law or should otherwise be disqualified for violation of the Revised Rules of Professional Conduct. Defendant's motion is therefore denied.

This 23rd day of January 2026.

_____
KIMBERLY A. SWANK
United States Magistrate Judge